# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAM WILLIAMS & JOHN F. MCCOY, III, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:13-cv-160 |
| v. | ) ) | Judge Mark R. Hornak |
| RANDALL D. WEAVER & BIG G EXPRESS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Plaintiff's Motion to Dismiss Defendant's Cross-Claim. The sole question before the Court is whether the Pennsylvania Workers' Compensation Act ("WCA" or "Act"), 77 P.S. § 1, *et. seq.*, permits a defendant to file a cross-claim against a co-plaintiff/co-employee for the purposes of establishing liability, indemnity, contribution, or apportioning liability.

## I. **Background**

The underlying suit concerns a vehicular accident that took place in Washington County, Pennsylvania. On September 13, 2011 at approximately 9:00 a.m., Sam Williams and John McCoy were traveling in a tractor-trailer. Compl. ¶ 6; ECF No. 21 at 1-2. Williams was driving while McCoy was a passenger in the sleeper section. *Id.* Williams and McCoy were co-employees at the time, and Williams was driving the tractor-trailer for his employer, Schneider National. ECF No. 19 ¶ 6; ECF No. 20; ECF No. 21 at 2. Williams was driving in the right lane on Interstate 70. Compl. ¶¶ 6, 8; ECF No. 21 at 2.

Around the same time and place, Randall Weaver was driving a tractor-trailer in the same direction as Plaintiffs in the left lane, in the course and scope of his employment as a driver for Big G Express, Inc. Compl. ¶¶ 7, 9; Answer at 5, ¶ 9; ECF No. 21 at 2. Plaintiffs contend that the tractor-trailer driven by Weaver struck the Plaintiffs' tractor-trailer, ultimately resulting in an accident that led to injuries to both Plaintiffs and damage to both tractor-trailers. Compl. ¶ 8; ECF No. 21 at 2.

Plaintiffs Williams and McCoy filed suit against Big G Express and Weaver for injuries sustained in the accident. ECF No. 1-2. Defendants removed this action from the Court of Common Pleas of Washington County on January 1, 2013 pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1. On February 15, 2013, Defendant Big G Express filed an Answer which included a Cross-Claim for negligence against Williams. Answer, ECF No. 5. Williams filed a Motion to Dismiss Big G Express's Cross-Claim. ECF Nos. 19 & 20. Defendant Big G Express filed a Brief in Opposition, ECF No. 21, and Plaintiff Williams filed a Reply. ECF No. 24. Both parties also provided a supplemental memorandum at the Court's request. ECF Nos. 29 & 30. The Court has carefully considered each parties' briefs, and the issue is now ripe for disposition. For the following reasons, the Motion to Dismiss is GRANTED.[1]

## II. **Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the

---

[1] On June 4, 2013, Defendant Weaver filed an Answer with a similar Cross-Claim against Plaintiff Williams. ECF No. 25. The parties agreed on the record at the June 19, 2013 status conference (and subsequently stipulated in writing, ECF No. 27) that the disposition of this issue would also apply to Weaver's Cross-Claim.

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

### III. Discussion

The Pennsylvania Workers Compensation Act ("WCA") bars certain claims that arise out of the employment relationship, and essentially "substitute[s] a method of accident insurance in place of common law rights and liabilities for all employees covered by its provisions." *Colyer v. Pa. State Police*, 644 A.2d 230, 233 (Pa. Commw. Ct. 1994) (citing *Vescio v. Pa. Elec. Co.*, 9 A.2d 546 (Pa. 1939)). "In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment." *Snyder v. Pocono Med. Ctr.*, 656 A.2d 534, 536 (Pa. Super. Ct. 1995) (quoting *Kosowan v. MDC Indus., Inc.*, 465 A.2d 1069, 1072 (Pa. Super. Ct. 1983)). However, the WCA also bars other claims that arise out of the employment relationship. For instance, Section 72 of the WCA states:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. § 72. *See also Emp'rs Mut. Cas. Co. v. Boiler Erection & Repair Co.*, 964 A.2d 381, 389 (Pa. Super. Ct. 2009) ("where an employee's injury is compensable under the Act, Section 72 immunizes fellow employees from liability for their negligence"). Moreover, with respect to actions involving third-parties, Section 303(b) of the Act, 77 P.S. § 481(b), specifies that:

> (b) In the event injury or death to an employe is caused by a third party, then such employe . . . may bring their action at law against such third party, *but* the employer, his insurance carrier, their servants and agents, *employes*, representatives acting on their behalf or at their request *shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or*

3

*otherwise*, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract . . .

77 P.S. § 481(b) (emphasis added).[2]

In its Cross-Claim, Defendant Big G Express alleges that Williams, as the driver of the tractor-trailer in which Plaintiffs were riding, was negligent in operating his vehicle and that Williams caused his tractor-trailer to strike the tractor-trailer that Weaver was driving, ultimately contributing to or causing McCoy's injuries. ECF No. 5 at 7-9. Therefore, according to Big G Express, Plaintiff Williams is "alone liable to [fellow Plaintiff] John F. McCoy and/or jointly and/or severally liable with this Defendant or liable over to this Defendant for indemnity and/or contribution for any amount which may be adjudged against it." *Id.* at 9.

Williams moves to dismiss this Cross-Claim on the basis that the WCA bars Defendant Big G Express from maintaining such a cross-claim. ECF Nos. 19, 20, 24. Williams argues that pursuant to the WCA, 77 P.S. §§ 72 & 481, Defendant is prohibited from bringing a cross-claim against Williams alleging that he is solely or jointly and severally liable to McCoy, or that Williams is liable to Big G Express for indemnity and/or contribution, or even for purposes of apportioning liability. *Id.*

In response, Big G Express argues that such a cross-claim may be brought for the purpose of determining respective liability and rights of contribution. ECF No. 21. Big G. Express relies primarily on two cases: *Mazzoleni v. Shenanco Steel Erectors, Inc.*, 344 F. Supp. 598 (W.D. Pa. 1972) and *Maio v. Fahs*, 14 A.2d 105 (Pa. 1940). Relying on *Maio*, the *Mazzoleni* court noted that "the *employer* may be joined as an additional defendant or third-party defendant for the

---

[2] Big G Express notes that "there is no lease agreement or indemnity provision" in this action, and does not point to any written contract which would qualify for the exception to WCA Section 481. ECF No. 21. Consequently, 77 P.S. § 481 is applicable to this case.

purpose of determining the rights as between the original defendant and the employer."

*Mazzoleni*, 344 F. Supp. at 599 (emphasis added).

However, *Maio* and *Mazzoleni* were decided prior to the 1974 amendments to the WCA which materially amended Section 303, 77 P.S. § 481. *See Hefferin v. Stempkowski*, 372 A.2d 869, 870 (Pa. Super. Ct. 1977) ("the Pennsylvania Legislature in the years 1972 through 1974 undertook a massive overhaul of the State's Workmen's Compensation Law"). Referencing *Maio* among other cases, the Pennsylvania Superior Court wrote that:

> Such decisions were based upon the procedure and statutory provisions which were effective under the Workmen's Compensation Act prior to the amendments of December 5, 1974, which became effective February 5, 1975. . . . Under the practice prior to February 5, 1975, a third party could join a plaintiff's employer as an additional defendant in a tort action, and might enjoy a reduction in the amount of any verdict which was to be paid to the injured employee, based upon contributing negligence of the employer, and its prior payment of workers' compensation benefits to the employee. However, the Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 481, which amended Section 303 of the Workmen's Compensation Act, unquestionably bars the joinder of a plaintiff's employer as an additional defendant in any action brought by its employee against a third party for injuries which may have occurred during the course of employment.

*Beary v. Container Gen. Corp.*, 568 A.2d 190, 192 (Pa. Super. Ct. 1989); *see also Tsarnas v. Jones & Laughlin Steel Corp.*, 412 A.2d 1094, 1096 (Pa. 1980) (explaining that Section 303(b) was amended after *Maio* had been decided, and that the section as amended prohibits a third party from joining an employer as an additional defendant, "[n]or may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.").[3]

---

[3] *See also Hamme v. Dreis & Krump Mfg. Co.*, 716 F.2d 152, 153 (3d Cir. 1982) (holding that the Third Circuit was "bound by the interpretation given to Pennsylvania law by the courts of Pennsylvania" and that the WCA precluded a third-party complaint against the employer even when solely for the purpose of determining comparative negligence); *Heckendorn v. Consol. Rail Corp.*, 465 A.2d 609 (Pa. 1983) (holding that employer could not be joined as an additional defendant by a third-party for the purpose of apportioning negligence under the Comparative Negligence Act as joinder was barred by the WCA).

Furthermore, *William Harter & Cleaver Brooks, A Div. of Aqua-Chem., Inc. v. Yeagley*, 456 A.2d 1021 (Pa. Super. Ct. 1983), is on point with the issue before the Court.[4] In *Yeagley*, the wife of an employee brought an action for the death of her husband, Frederick Yeagley. Yeagley, who had been employed by Cleaver Brooks, was assisting a crane operator in moving metal boiler shells when the crane came into contact with an overhead high voltage transmission line owned by Metropolitan Edison Company ("Met Ed"), electrocuting Yeagley. *Id*. at 1022. Met Ed tried to bring various theories of liability against the deceased's employer -- Cleaver Brooks -- and the co-employee who was operating the crane at the time of the occurrence. *Id*. Relying on both 77 P.S. §§ 72 and 481, the court held that the WCA prohibited Met Ed from joining and bringing claims against the employer *or the co-employee*. *Id*. at 1023-26. The court held that the defendant was not able to bring claims against these parties "even for the limited purpose of apportioning liability." *Id*. at 1024. When analyzing how 77 P.S. §§ 72 and 481(b) impact actions involving a third party[5] defendant bringing claims against an employer or a co-employee, the court noted that "the rationale advanced on behalf of immunity from suit of the employer applies with equal force to immunity of a co-employee." *Id*. at 1026.

Similar to the situation in *Yeagley*, Plaintiffs Williams and McCoy were working as co-employees for Schneider National at the time of the accident. Defendant Big G Express seeks to bring a claim against Williams for the purpose of establishing (1) Williams's liability to McCoy, (2) Big G Express's indemnity or contribution rights, or (3) to apportion liability. However, in

---

[4] In that neither party relied on *Yeagley* in making or opposing the Motion to Dismiss, the Court invited supplemental briefing as to its application. Plaintiffs now contend that *Yeagley* is on point, ECF No. 29 at 3. Defendants contend that it is subtly different, ECF No. 30 at 1, principally arguing that *Yeagley's* analysis has been the subject of strong dissents, *id.* at 3-5, and that the *Yeagley* court did not engage in a deep analysis of the issue. *Id.*

[5] In this context, the term "third party" refers to an entity that is outside of the employment relationship.

light of *Yeagley* and the language of 77 P.S. §§ 72 and 481(b), the WCA bars such a Cross-Claim for all of the above listed purposes.[6]

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Dismiss is granted with prejudice.[7] An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: July 11, 2013

cc:     All counsel of record

---

[6] Contrary to the position taken by Defendants, the Superior Court's opinion in *Yeagley* directly addressed this issue, notwithstanding with perhaps less expansiveness than Defendants would prefer. Further, the Superior Court's decision in *Heckendorn v. Consol. Rail Corp.*, 439 A.2d 674 (Pa. Super. 1981), which is the target of much of Defendant's argument, was affirmed by the Pennsylvania Supreme Court. 465 A.2d 609 (Pa. 1983).

[7] For the reasons as stated above, and as noted in footnote 1 above, Defendant Weaver's Cross-Claim against Plaintiff Williams is also dismissed with prejudice.